**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JULIE AMANDA TILTON,**

    **Plaintiff,**

v.                                                     Case No.  8:05-cv-692-T-30TGW

**PLAYBOY ENTERTAINMENT GROUP,**
**INC., et. al,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Time Warner Entertainment-Advance/Newhouse Partnership and Cox Communications, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. #88), and Julie Amanda Tilton's Amended Response in Opposition to Time Warner Entertainment-Advance/Newhouse Partnership and Cox Communications, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. #103). The Court, having considered the motion, response, memoranda, amended complaint, and being otherwise advised in the premises, finds that Defendants' motion should be granted in part and denied in part.

This case arises out of the filming of certain acts by Plaintiff, Julie Amanda Tilton ("Plaintiff" or "Tilton"), and others during the 2001 spring break holiday, and the subsequent distribution of those films to the viewing public. Defendants, Time Warner Entertainment-

Advance/Newhouse Partnership ("Time Warner") and Cox Communications, Inc. ("Cox") (together, referred to as "Defendants"), are named in Counts 37 through 41 of the Amended Complaint. Plaintiff brings the following claims against Defendants: Count 37 - Violations of 18 U.S.C. §2252(a); Count 38 - Violations of 18 U.S.C. §2252(A)(a); Count 39 - Violations of 18 U.S.C. §1466(A)(a)(1); Count 40 - Common Law Negligence; and Count 41 - Unjust Enrichment.

## Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919

F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## Analysis

**I.     Counts 37 and 38 - Violations of the Federal Child Pornography Statutes.**

In support of Defendants' Motion to Dismiss the Amended Complaint, Defendants argue that Plaintiff's claims in Counts 37 and 38 should be dismissed based on the following grounds: (1) Plaintiff is not depicted engaging in sexually explicit conduct; (2) the First Amendment prohibits the imposition of liability against the Defendants in these circumstances; (3) the videos depicting the Plaintiff are not obscene; (4) Defendants lacked knowledge of Plaintiff's age; (5) Plaintiff was no longer a minor when the Defendants allegedly violated the federal act; and (6) Plaintiff has not suffered personal injury or other damages from the alleged acts of the Defendants.

While several of these arguments may be persuasive at summary judgment phase, the Court concludes that such arguments raise factual questions for the Court which go beyond the four corners of the Amended Complaint. Upon a motion to dismiss under 12(b)(6), the Court must accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the Plaintiff. Accordingly, the Court concludes that Plaintiff has sufficiently pled a cause of action in Counts 37 and 38 in order to proceed beyond the motion to dismiss phase of these proceedings. However, the

Court notes that Plaintiff has several large evidentiary hurdles that it must overcome in the future, to wit: Plaintiff must show evidence that Defendants knew that the videos depicted a minor (Plaintiff) engaging in sexually explicit conduct as defined by 18 U.S.C. §2256(2), and that Defendants continued to transmit and/or distribute the videos after learning of Plaintiff's age.

**II.     Count 39 - Violation of the Obscene Representations of the Sexual Abuse of Children Statute.**

Defendants argue that Count 39 should be dismissed because the video at issue does not contain obscene material or depict graphic bestiality, sadistic or masochistic abuse, or sexual intercourse as required under 18 U.S.C. §1466(A)(a).

Once again, the Court concludes that such arguments raise factual questions for the Court which go beyond the four corners of the Amended Complaint. Plaintiff has alleged that "[t]he Broadcast Videos depict the Plaintiff and other minors engaged in sexually-explicit conduct and are obscene."[1] Upon a motion to dismiss under 12(b)(6), the Court must accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the Plaintiff. Accordingly, the Court concludes that Plaintiff has sufficiently pled a cause of action in Count 39 in order to proceed beyond the motion to dismiss phase of these proceedings.

---

[1] Paragraph 399 of the Amended Complaint (Dkt. #41).

### III.   Count 40 - Common Law Negligence.

In Count 40, Plaintiff seeks to bring a negligence action based on Defendants' breach of "a duty of reasonable care not to broadcast or to transmit videos or images depicting the minor Plaintiff engaging in sexually-explicit conduct" when they "knew or should have known" that Plaintiff was a minor.  Defendants argue, in pertinent part, that Plaintiff has failed to allege a cognizable common-law duty owed by Defendants to Plaintiff. Defendants argument is well taken.

Plaintiff has not cited, nor is the Court aware, of any Florida case supporting Plaintiff's common law negligence claim based on a breach of "a duty of reasonable care not to broadcast or to transmit videos or images depicting the minor Plaintiff engaging in sexually-explicit conduct."  There is no known common law or statutory duty under Florida law requiring broadcasters to review material that they broadcast in order to determine the ages of the individuals depicted in such material prior to transmission or distribution. (If Plaintiff can show Defendants had knowledge she was a minor, then liability exists under statutory law.)  Accordingly, Defendants motion to dismiss Court 40 pursuant to Rule 12(b)(6) is granted with prejudice.

### IV.    Count 41 - Unjust Enrichment.

Defendants argue that Count 41 should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  Specifically, Defendants argue that Plaintiff has failed to allege any conduct on her part that conferred a direct benefit on Defendants; and Plaintiff's claim is based on the alleged wrongdoing of Defendants, and

therefore, does not constitute unjust enrichment as a matter of law.  Defendants' argument is well taken.

To state a claim for unjust enrichment, a plaintiff must allege that (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it.  Tooltrend, Inc. v. CMT Utensil, SRL, 198 F.3d 802, 805 (11th Cir. 1999).

The benefit conferred must be a direct benefit.  See Huntsman Packaging Corp. v. Kerry Packaging Corp., 992 F.Supp. 1439, 1446 (M.D. Fla. 1998).  An indirect benefit is not sufficient to support a claim for unjust enrichment.  See Hunstman at 1446; see also Peoples Natl. Bank of Commerce v. First Union Natl. Bank of Fla., 667 So.2d 876, 879 (Fla. 3d DCA 1996) (dismissing unjust enrichment claim with prejudice where plaintiff "could not and did not allege that it had directly conferred a benefit on the defendants").

Additionally, a claim for unjust enrichment should be premised on circumstances under which it would be inequitable for the defendant to retain the benefit without paying for it.  State v. Tenet Health Care Corp., 420 F.Supp.2d 1288, 1309 (S.D. Fla. 2005).  Liability in unjust enrichment has in principle nothing to do with fault.  Tenet at 1309.  The paradigm examples of unjust enrichment are mistaken transfers.  Id.  Where a plaintiff predicates their unjust enrichment claim on the wrongful conduct of a defendant, then the plaintiff's right of recovery, if any, arises from the wrong of the alleged tort rather than unjust enrichment.  See id.

In Count 41 of the Amended Complaint, Plaintiff does not allege, and can not allege, that she conferred a direct benefit on the Defendants. Further, Plaintiff has improperly based her claim for unjust enrichment upon the wrongful conduct of Defendants. Plaintiff's right of recovery, if any, for the alleged wrongful conduct of Defendants arises from a violation of statutory law. Since the law of unjust enrichment is concerned solely with enrichments that are unjust independently of alleged wrongs, Plaintiff's unjust enrichment claims must be dismissed. See Tenet at 1309. Accordingly, Defendants' motion to dismiss Count 41 pursuant to Rule 12 (b)(6) is granted with prejudice.

It is therefore ORDERED AND ADJUDGED that:

Defendants Time Warner Entertainment-Advance/Newhouse Partnership and Cox Communications, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. #88) is GRANTED IN PART AND DENIED IN PART as stated herein. Counts 40 and 41 of the Amended Complaint are dismissed with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-692.mtd 88.wpd