**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JULIE AMANDA TILTON,**

    **Plaintiff,**

**v.**                                                    Case No.  8:05-cv-692-T-30TGW

**PLAYBOY ENTERTAINMENT GROUP,**
**INC., et. al,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Playboy Defendants' Motion to Strike Plaintiff's Expert Witness Disclosures & to Preclude Plaintiff's Reliance on Expert Testimony (Dkt. #124), Notice of Joinder in Playboy Defendants' Motion to Strike Plaintiff's Expert Witness Disclosures and to Preclude Plaintiff's Reliance on Expert Testimony (Dkt. #126), Notice of Joinder in Playboy Defendants' Motion to Strike Plaintiff's Expert Witness Disclosures and to Preclude Plaintiff's Reliance on Expert Testimony (Dkt. #128), and Plaintiff's Response tp Playboy Defendants' Motion to Strike Plaintiff's Expert Witness Disclosures & to Preclude Plaintiff's Reliance on Expert Testimony (Dkt. #131).  The Court having considered the motion, joinder(s), response, memoranda, and being otherwise advised in the premises, finds that Defendants' motion should be granted in part and denied in part as stated herein.

Plaintiff's original Expert Disclosure Deadline was November 8, 2006. On November 8, 2006, Plaintiff filed a Motion for Extension of Time to Serve Expert Disclosures (Dkt. #105) through December 8, 2006. Although Plaintiff's motion for extension of time was opposed by Defendants, the Court granted an extension through December 8, 2006. On Saturday, December 9, 2006, Plaintiff served untimely and incomplete expert witness disclosures identifying Dr. Sharon W. Cooper, MIDDLE DISTRICT as an expert witness. The disclosures were accompanied by an unsigned report that was purportedly prepared by Dr. Cooper but was not signed by her, as required by Rule 26(a)(2)(B). Additionally, the report did not contain Exhibits 3 and 4 as referenced in the report, as required by Rule 26(a)(2)(B). On December 13, 2006, Plaintiff also served a copy of a psychological evaluation of Plaintiff by Dr. Thomas Harbin. Dr. Harbin was never disclosed as an expert witness and Dr. Cooper's report does not reference the psychological evaluation of Dr. Harbin.

Plaintiff claims that Dr. Cooper's report was served late due to "staff difficulty in obtaining from the attorney who authorized filing the report his number to be used in filing." Such excuse is nonsensical since expert disclosures are not to be filed with the Court pursuant to Rule 5(d). An attorney's "filing number" is certainly not needed in order to serve a copy of an expert report upon the Defendants. Accordingly, the Court concludes that without substantial justification Plaintiff failed to disclose information required by Rule 26 (a). Therefore, Plaintiff's expert witness disclosures are hereby stricken.

Defendant's request for further sanctions in the form of attorney's fees and costs incurred in conjunction with this motion is denied.

It is therefore ORDERED AND ADJUDGED that:

Playboy Defendants' Motion to Strike Plaintiff's Expert Witness Disclosures & to Preclude Plaintiff's Reliance on Expert Testimony (Dkt. #124) is GRANTED IN PART AND DENIED IN PART as stated herein.

**DONE** and **ORDERED** in Tampa, Florida on January 10, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-692.mt strike expert disclosure 124.wpd