# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JULIE AMANDA TILTON,**

      **Plaintiff,**

v.                                          **Case No.  8:05-cv-692-T-30TGW**

**PLAYBOY ENTERTAINMENT GROUP,
INC., et. al,**

      **Defendants.**

_____/

## ORDER

On May 24, 2007, this Court entered an Order[1] requesting additional argument from the parties regarding whether Plaintiff's participation in the Contests[2] constituted "simulated sexual intercourse" as defined under 18 U.S.C. § 2256(2)(a).  The Order further directed Plaintiff to identify for the Court all instances in the record which visually depict Plaintiff's participation in the Contests.  The following parties have responded to the Court's request: (I) Plaintiff Julie Amanda Tilton (**"Plaintiff"**), (ii) Deslin Hotel Inc. d/b/a Desert Inn Resort Motel, Irene Devlin, and Dennis Devlin (collectively the **"Deslin Defendants"**), and (iii) BV & BK Productions, LLC (**"BVBK"**), and Chad Ciani (**"Ciani"**).  Upon review and consideration of the parties' responses, the Court determines that BVBK and Chad Ciani's Motion for Summary Judgment (Dkt. 147) should be **DENIED** with respect to Plaintiff's

---

[1]The summary of facts and discussion of legal issues contained in the Court's May 24, 2007 Order are fully incorporated herein by this reference.

[2]The term "Contests" as defined in the Court's May 24, 2007 Order includes the following contests which took place at the Desert Inn during March of 2001: a wet T-shirt contest, a "banana sucking contest," a "muff eating" contest, and a "sexual positions" contest.

remaining claims.  The Court will request additional argument from the parties with respect

to the Deslin Defendants' Motion for Summary Final Judgment (Dkt. 148).

## I.  Plaintiff's Claims Against BVBK and Ciani.

In its May 24, 2007 Order, the Court granted summary judgment in favor of BVBK

and Ciani as to Count 16 of Plaintiff's Amended Complaint.  As discussed in the Order, the

only remaining claims against these defendants are Counts 17 and 18 of the Amended

Complaint, in which Plaintiff alleges violations of 18 U.S.C. §§ 2252(a)[3] and 2252A(a).[4]  In

order to prevail on these claims, Plaintiff must establish that BV&BK and Ciani transported,

received, distributed and reproduced for distribution a visual depiction knowing, at the time

of the transport, receipt distribution or reproduction, that said depiction contained sexually

explicit images of minors.[5]

At issue is whether the images of Plaintiff displayed on Ciani's website contained

"sexually explicit" images of Plaintiff.  The term "sexually explicit conduct," is defined in

18 U.S.C. § 2256(2)(a), which provides in pertinent part:

> Except as provided in subparagraph (B), "sexually explicit
> conduct" means actual or simulated--

---

[3]Section 2252(a) makes it illegal for any person to knowingly transport or ship, receive, distribute or reproduce for distribution any visual depiction of a minor engaging in sexually explicit conduct. See 18 U.S.C. § 2252(a).

[4]Section 2252A(a) makes it illegal for any person to knowingly mail, transport, receive, distribute or reproduce for distribution any child pornography.  See 18 U.S.C. § 2252A(a).

[5]The scienter requirement applies to both the transport, receipt, production, or distribution of the sexually explicit material and the age of the performers. See United States v. X-Citement Video, Inc.,et al, 513 U.S. 64, 78 (1994).

(I)   sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii)  bestiality;

(iii) masturbation;

(iv) sadistic or masochistic abuse; or

(v)   lascivious exhibition of the genitals or pubic area of any person.

In its May 24, 2007 Order, the Court requested additional argument from the parties regarding the definition of "simulated sexual intercourse" under 18 U.S.C. § 2256(2)(a)(I).  In response, Plaintiff argues that the depiction of her images on the *www.bikinivoyeur.com* website constituted a "lascivious exhibition of the genitals or pubic area of any person" pursuant to 18 U.S.C. § 2256(2)(a)(v).  Moreover, Plaintiff argues that because the subject images were a "lascivious exhibition of the genitals," it is not necessary for her to demonstrate she engaged in "simulated sexual intercourse" as defined under the statute.  In support of this argument, Plaintiff filed a collection of still images and streaming online video depictions of Plaintiff that were displayed on the *www.bikinivoyeur.com* website.[6]

---

[6]The Court notes that there is an issue of fact regarding the time period in which these images were depicted on the *www.bikinivoyeur.com* website.  Defendants claim that Tilton's images were removed from the website within three to four months of the time they were served in this action.  However, Plaintiff's attorney, Richard S. Shankman, has filed an affidavit alleging that Plaintiff's images and the images of other known minors were depicted on the *www.bikinivoyeur.com* website as late as 2005. On June 21, 2007, the Court allowed BVBK and Ciani to re-open discovery for the limited purpose of taking Shankman's deposition.

In <u>United States v. Williams</u>, 444 F.3d 1286, 1299, n. 62 (11th Cir. 2006), *cert. granted on other grounds*[7], the Eleventh Circuit noted that:

> Virtually all lower courts that have addressed the meaning of "lascivious exhibition" have embraced the widely followed "Dost" test, originally developed by a California District Court and affirmed in an opinion by the Ninth Circuit. *United States v. Dost*, 636 F. Supp. 828, 832 (S.D.Cal. 1986) *judgm't aff'd, United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987). The test identifies six factors that are relevant to the determination of whether a picture constitutes a "lascivious exhibition of the genitals or pubic area" under child pornography law.

The six factors identified by the <u>Dost</u> court are as follows:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

> (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

> (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

> (4) whether the child is fully or partially clothed, or nude;

> (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

---

[7] The Court presumes that Plaintiff's citations to <u>United States v. Williams</u>, 445 F.3d 1302 (11th Cir. 2006) contained in its memorandum (Dkt. 206) were in error, and that Plaintiff intended to cite to <u>United States v. Williams</u>, 444 F.3d 1286 (11th Cir. 2006).

<u>Dost</u>, 636 F. Supp. at 832.   The <u>Dost</u> court further considered that "[o]f course, a visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area.'  The determination will have to be made based on the overall content of the visual depiction, taking into account the age of the minor."  <u>Id.</u>

Plaintiff has filed a number of images from the *www.bikinivoyeur.com* website which depict her participating in a "muff eating" contest.  These photographs and/or freeze-frame images focus on the Plaintiff's pubic area, which is fully covered by her bathing suit.  Her legs are spread apart and she is lying on a stage.  In other pictures, Plaintiff is shown (I) exposing her breasts while dancing on stage during what appears to be the wet T-shirt contest, (ii) posing in different sexual positions on stage with a male partner, and (iii) eating or sucking on a banana positioned in a male partner's genital area.  All pictures appear to have been taken on stage at the Desert Inn.  In all pictures of Plaintiff and the male partner, both parties are wearing their bathing suits.   Plaintiff has also filed sample advertisements from the *www.bikinivoyeur.com* website.  These advertisements describe the nature of the contests in graphic detail and invite website subscribers to view the images.

Upon review of the images, the Court notes that a number of the images focus on the Plaintiff's pubic area.  The Contests, by their nature, appear to create a sexually suggestive setting (i.e., the "sexual positions" contest, the "muff eating" contest, and the "banana sucking" contest). Furthermore, taken in conjunction with the *www.bikinivoyeur.com* website advertisements, the images seem to elicit a sexual response from subscribers (or potential subscribers) to the website.

However, an outdoor crowded pool deck at a beach hotel is not a place generally associated with sexual activity.  See United States v. Boudreau, 250 F.3d 279, 283 (5th Cir. 2001) (affirming finding of district court that outdoor park was not a sexually suggestive setting under Dost analysis, and as such the setting mitigated against a finding of lascivious exhibition in connection with image of sixteen year old boy's pubic area).  Furthermore, the pictures that focus on Plaintiff's private area do not include her face.  An absence of a facial expression intimating sexual coyness or willingness engage in sexual activity mitigates against a finding of lascivious exhibition.  See id.  Further, Plaintiff is wearing her swimsuit bottom in all pictures that focus on her pubic area.  Such attire certainly seems appropriate given her age[8].  But see United States v. Horn, 187 F.3d 781, 792 (8th Cir. 1999) (holding freeze-frame images of young girls playing on a beach jungle gym were lascivious exhibitions of the genitals despite the fact the girls were wearing swimsuit bottoms, as "a reasonable jury could conclude that the exhibition of the pubic area was lascivious despite this minimal clothing because of the way in which the pictures were framed.").

Taking into account the factors discussed above, the Court concludes that a reasonable jury could conclude that the exhibition of the pubic area was lascivious despite the location of the Contests and the age of the Plaintiff.  Accordingly, BVBK and Ciani's Motion for Summary Judgment should be denied with respect to Counts 17 and 18 of the Amended Complaint.

---

[8]Plaintiff was seventeen years old and ten months at the time the pictures were taken.

II.    **Plaintiff's Claims Against the Deslin Defendants.**

As discussed in the Court's May 24, 2007 Order, the sole remaining claim against the Deslin Defendants is an alleged violation of 18 U.S.C. § 2251(a).[9]  In order to establish liability, Tilton must present evidence that the Deslin Defendants (1) induced, employed, used, or persuaded Tilton, (2) to engage in sexually explicit conduct, (3) for the purpose of producing any visual depiction of such conduct.  See 18 U.S.C. § 2251(a).

In its May 24, 2007 Order, the Court directed Plaintiff to identify all instances in the record which visually depict Plaintiff participating in the Contests.[10]  Plaintiff responded by filing freeze-frame and streaming video images of Plaintiff from the *www.bikinivoyeur.com* website, taken by persons other than the Deslin Defendants.  Plaintiff has failed to identify any visual depictions of her participation in the Contests produced by David Barton, Goldrush Disc Jockeys, Inc., or the Deslin Defendants.

Because there are no visual depictions of Plaintiff produced by either the Deslin Defendants or one of their agents, the six factor analysis set forth in Dost cannot be applied to these defendants.  Plaintiff cannot show that the Deslin Defendants focused or framed their cameras on Plaintiff's pubic area.  Moreover, there is no evidence of the Deslin Defendants engaged in lascivious exhibition of Plaintiff's genitals or pubic area as defined in 18 U.S.C. § 2256(2)(a)(v).

---

[9]This allegation is contained in Count I of the Amended Complaint.

[10]This request followed the Court's review of the Desert Inn Promotional Video, in which the Court was unable to identify any images of Plaintiff participating in the Contests.

The parties have had the opportunity to brief the Court as to whether Plaintiff's participation in the Contests constituted "simulated sexual intercourse" pursuant to 18 U.S.C. § 2256(2)(a)(I).  However, upon further review of the record and additional materials filed by Plaintiff, the Court must first address the issue of inducement.  Specifically, the Court notes an absence of evidence in the record that Plaintiff was induced to participate in the Contests other than the wet T-shirt contest.

Plaintiff has presented evidence that the emcees of the wet T-shirt contests may have induced her and her friends to participate in the contest by encouraging them to come up on stage and by offering them beer.  Following the wet T-shirt contest, Plaintiff and her friends went back to their hotel room.  (Tilton 1 Depo. at 72).  After arriving at the hotel room, Plaintiff took a nap.  Id.

Plaintiff does not recall when she participated in the other Contests.  According to her deposition testimony, Plaintiff has no recollection of her participation in these Contests (Tilton 1 Depo. at 209). In fact, Plaintiff stated she could not recall whether she participated in these contests in 2001 or 2002.[11]  (Tilton 2 Depo. at 304, 305).

Whether Plaintiff was induced to participate in the other Contests is significant because her participation in the wet T-shirt contest alone did not constitute "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2)(a).  Plaintiff has not presented evidence that, during the wet T-shirt contest, she engaged in actual or simulated sexual intercourse, bestiality, masturbation,

---

[11]Plaintiff returned to the Desert Inn for spring break in March of 2002.  At the time of this trip, she was eighteen years old.

sadistic or masochistic abuse, or lascivious exhibition of the genitals.  Before the Court can determine whether Plaintiff's participation in the other contests constitutes "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2)(a), it must first determine whether Plaintiff was induced to participate in the other contests.  Because the parties have not specifically addressed this issue in their pleadings, the Court will allow each party to brief the Court on this limited issue.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants BV & BK Productions, LLLP and Chad Ciani's Dispositive Motion for Summary Judgment (Dkt. 147) is **DENIED** with respect to all remaining claims against these defendants.

2.     Plaintiff and the Deslin Defendants shall have twenty (20) days from the date hereof to brief the Court as to whether the Deslin Defendants or their agents induced Plaintiff to participate in the contests other than the wet T-shirt contests.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-692.msj ciani and deslin 2.frm