# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JULIE AMANDA TILTON,**

    **Plaintiff,**

v.                                              Case No.  8:05-cv-692-T-30TGW

**DESLIN HOTELS, INC., et. al.,**

    **Defendants.**

_____/

# **ORDER**

THIS CAUSE comes before the Court upon Defendants', Deslin Inc. d/b/a Desert Inn Resort Motel's, Irene Devlin's, and Dennis Devlin's (collectively, the **"Deslin Defendants"**) Motion for Summary Final Judgment and Memorandum of Law (Dkt. 148).  On May 24, 2007, this Court entered an Order[1] requesting additional argument from the parties regarding whether Plaintiff's participation in the Contests[2] constituted "simulated sexual intercourse" as defined under 18 U.S.C. § 2256(2)(a).  The Order further directed Plaintiff to identify for the Court all instances in the record which visually depict Plaintiff's participation in the Contests. Upon review and consideration of the parties' responses, this Court entered an

---

[1] The summary of facts and discussion of legal issues contained in the Court's May 24, 2007 Order and its June 30, 2007 Order are fully incorporated herein by this reference.

[2] The term "Contests" as defined in the Court's May 24, 2007 Order includes the following contests which took place at the Desert Inn during March of 2001: a wet T-shirt contest, a "banana sucking contest," a "muff eating" contest, and a "sexual positions" contest.

Order on June 30, 2007, denying BVBK and Chad Ciani's Motion for Summary Judgment (Dkt. 147). The Court requested additional argument from the parties with respect to the Deslin Defendants' Motion.

As previously discussed by the Court, the sole remaining claim against the Deslin Defendants is an alleged violation of 18 U.S.C. § 2251(a).[3] In order to establish liability, Tilton must present evidence that the Deslin Defendants (1) induced, employed, used, or persuaded Tilton, (2) to engage in sexually explicit conduct, (3) for the purpose of producing any visual depiction of such conduct. See 18 U.S.C. § 2251(a). The Court must address the following questions before ruling on the Deslin Defendants' Motion:

    **a.    Did the Deslin Defendants Induce, Employ, Use, or Persuade Tilton to Participate in the Contests?**

In its June 30, 2007 Order, the Court directed the parties to address the issue of whether or not the Deslin Defendants or their agents induced Plaintiff to participate in the Contests other than the wet T-shirt contests. In response, the Deslin Defendants claimed that they were unable to find any record evidence that they, or anyone on their behalf, induced Plaintiff to enter the Contests.[4] Plaintiff responded by filing additional evidence in the form of affidavits, deposition testimony, still images, and video clips to clarify the issue raised.

---

[3]This allegation is contained in Count I of the Amended Complaint.

[4]See Memorandum of Law of Deslin Hotels, Inc., Irene Devlin, and Dennis Devlin in Response to July 30, 2007 Court Order (Dkt. 216).

Upon review of the Plaintiff's memorandum and additional materials, the Court determines that there is sufficient evidence in the record to support Plaintiff's claim that the Deslin Defendants induced, employed, used, or persuaded her to enter into the Contests. While Plaintiff cannot recall which year she participated in the Contests other than the wet T-shirt contests, the video clips filed by Plaintiff indicate that the other Contests took place in 2001. Furthermore, Plaintiff has provided evidence to clarify the sequence of the Contests.

David Barton testified that approximately 3:00 p.m. each day, Goldrush would begin recruiting females to come up on stage. (Barton Affidavit ¶ 10). Once on stage, they were encouraged to participate in the "Banana Sucking, Muff Diving and Sexual Positions Contests, each of which would last approximately five to ten minutes." Id. at ¶ 11. Contestants were then taken off stage to change into white T-shirts, after which they were taken back on stage and encouraged "to dance erotically and provocatively for the crowd." Id. at ¶ 12. Plaintiff has provided testimony of other contestants indicating that she participated in all of the Contests on the same day.[5]

The affidavits and deposition testimony of David Barton and the other contestants include evidence that Plaintiff was induced or persuaded to participate in the other Contests. The Goldrush deejays (including Barton) admit to encouraging females to come up on stage

---

[5]This evidence includes Affidavits of Tabitha Gautraux and Heather Kotis, together with deposition testimony of Nicole Breitfeller and Paulina Campos. Taken together, the testimony of these other contestants evidences that Plaintiff participated in the other Contests immediately prior to the wet T-shirt contests. The Court again notes that Plaintiff has no recollection of participating in the Contests.

and enter the contests. The other contestants claim Barton and Goldrush provided free beer and T-shirts to those participating in the "banana sucking," "muff eating," and "sexual positions" contests. Based on this evidence, the Court determines that Plaintiff has provided sufficient evidence of inducement or persuasion to survive summary judgment. However, Plaintiff must also provide evidence that she was induced to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(a).

### b. Did Plaintiff Engage in Sexually Explicit Conduct?

Plaintiff's remaining cause of action pursuant to 18 U.S.C. § 2251(a) requires her to establish that she engaged in, or was induced to engage in, "sexually explicit conduct," as defined in 18 U.S.C. § §2256(2)(a), which provides in pertinent part:

> Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated-
>
> (I) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (ii) bestiality;
>
> (iii) masturbation;
>
> (iv) sadistic or masochistic abuse; or
>
> (v) lascivious exhibition of the genitals or pubic area of any person.

Plaintiff has provided no evidence that she engaged in actual or simulated bestiality, masturbation, or sadistic or masochistic abuse. The Court's May 24, 2007 Order requested

additional argument as to whether Plaintiff's participation in the Contests constituted simulated sexual intercourse. In response, Plaintiff argued that the six factor analysis set forth in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), is appropriate for evaluating whether images of children are sexually explicit. However, the Dost analysis is only appropriate for evaluating whether a visual depiction is a lascivious exhibition of the genitals or pubic area pursuant to subsection (v) of the statute, rather than a depiction of actual or simulated sexual intercourse pursuant to subsection (I).

Upon review of the additional materials and argument filed by Plaintiff, the Court has not been able to identify any evidence that the Deslin Defendants engaged in lascivious exhibition of Plaintiff's genitals. Plaintiff has argued that images and video clips of Barton walking up and down the Desert Inn stage and filming the contestants participating in the Contests establishes that he focused and framed his camera on Plaintiff's pubic area. No reasonable jury could draw this conclusion based on the images and videos filed by Plaintiff. Furthermore, the Court has reviewed the Desert Inn Promotional Video to determine whether any participants' genitals are depicted in a lascivious manner. The Court was not able to identify any instance of a lascivious exhibition of any persons' genitals on the Promotional

Video.[6] In fact, visual images of participants' exposed breasts were blacked out on the Promotional Video.[7]

The Court must now address whether Plaintiff's participation in the Contests constituted simulated sexual intercourse under 18 U.S.C. § 2256(2)(a). The parties had the opportunity to address this issue in response to the Court's May 24, 2007 Order. As previously discussed by the Court, the Merriam-Webster Online Dictionary defines "simulate" as a verb meaning "to give or assume the appearance or effect of, often with the intent to deceive," and "simulated" as an adjective meaning "made to look genuine." MERRIAM-WEBSTER ONLINE DICTIONARY, http://www.m-w.com/dictionary (last visited August 30, 2007). Moreover, in Giovani Carandola, Ltd. v. Fox, 470 F.3d 1074, 1080 (4th Cir. 2006), the Fourth Circuit, in construing a state statute prohibiting simulated sexual acts, concluded that "[A]n act only constitutes simulated sexual intercourse or simulated masturbation if it creates the realistic impression of an *actual* sex act."

Plaintiff has argued that Giovani is wholly irrelevant to the instant case because the court was construing a state adult exotic dancing statute case rather than a federal child

---

[6]None of the video clips filed from the Promotional video were focused or framed on any persons' genital area.

[7]The Court notes that, even had a participants breasts been fully exposed, this would not constitute a lascivious exhibition of the genitals. The Court acknowledges that images of Plaintiff that displayed on BVBK and Chad Ciani's web pages were arguably a lascivious exhibition of her genitals. Thus, the Court denied BVBK and Chad Ciani's Motion for Summary Judgment in its June 30, 2007 Order. However, these images and video clips were not produced by the Deslin Defendants or their agents.

pornography statute (or other law involving images of children).[8]  The Court agrees that images of minors were not at issue in Giovani.  However, Giovani is relevant in that the court specifically addressed the definition of "simulated sexual intercourse."  Plaintiff's response cited no case law or other authority to assist the Court in defining this term.[9]

Upon review of the images and video clips filed by Plaintiff, the Court has not been able to identify an instance in which Plaintiff's actions created the realistic impression of an *actual* sex act.  The images and video clips depict Plaintiff and a male contestant participating in the Contests.  In all images and video clips, both Plaintiff and her male counterpart were wearing bathing suits which at all times covered their genitals.  While Plaintiff and her male counterpart are shown in various positions imitating and highly suggestive of sexual activity,[10] no reasonable jury could conclude that Plaintiff and her male counterpart engaged in *actual* sex acts.

Plaintiff has failed to provide evidence that she engaged in "sexually explicit conduct" as defined 18 U.S.C. § 2256(2)(a).  Accordingly, she cannot support her claim that the Deslin

---

[8] Plaintiff argues further that Giovani and other "time, place and manner" zoning ordinance cases exclusively involve the constitutionality tests set forth in United States v. Miller, 413 U.S. 15, 24-5 (1973), United States v. O'Brien, 367, 376-77 (1968), City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 47 (1986).

[9] The cases cited in Plaintiff's response address the question of lasciviousness, but not the question of whether an act constitutes "simulated sexual intercourse."

[10] Plaintiff is also depicted eating and/or sucking a banana placed in her male counterpart's pubic area.

Defendants violated 18 U.S.C. § 2251(a).  Thus, the Court must grant summary judgment in favor of the Deslin Defendants.

It is therefore ORDERED AND ADJUDGED that Defendants', Deslin Inc. d/b/a Desert Inn Resort Motel's, Irene Devlin's, and Dennis Devlin's Motion for Summary Final Judgment and Memorandum of Law (Dkt. 148) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-692.msj deslin defendants 2.frm