# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JULIE AMANDA TILTON,**

    **Plaintiff,**

v.                                          Case No. 8:05-cv-692-T-30TGW

**DESLIN HOTELS, INC., et. al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon remand from the Eleventh Circuit (Dkt. 274) regarding this Court's denial of Plaintiff's request for an award of attorney's fees against Defendant Paul A. Prewitt. On September 6, 2007, this Court entered an Amended Order granting Plaintiff's motion for default judgment against Prewitt (Dkt. 224). In that Order, this Court granted Plaintiff the minimum "actual damages" prescribed by 18 U.S.C. § 2255(a) but denied Plaintiff's request for attorney's fees. Because the Order did not articulate the reasoning behind the denial of fees, the Eleventh Circuit remanded that decision for this Court "to make appropriate factual findings or to provide a reason for declining to award attorney's fees." Tilton v. Playboy Entertainment Group, Inc., et al., 554 F.3d 1371, 1379 (11th Cir. 2009).

This Court declined to award attorney's fees because Plaintiff failed to establish that the conduct for which she was videotaped constituted "sexually explicit conduct" or "child pornography" pursuant to 18 U.S.C. §§ 2251(a), 2252(a), and 2252A(a). Plaintiff's

allegations against Prewitt were predicated on his alleged violation of these three statutes. The Eleventh Circuit stated as follows in reference to Plaintiff's claims against another defendant:

> We agree with the district court that the "pictures in question do not depict anyone with the obvious appearance of a minor" and that no jury "could reasonably conclude from observation of the pictures themselves that any of the participants were minors." . . .
>
> "We have long recognized that the knowledge element of a . . . statute can be proved by demonstrating either actual knowledge or deliberate ignorance." United States v. Hristov, 466 F.3d 949, 952 (11th Cir. 2006) (internal quotation marks omitted).

Tilton, 554 F.3d at 1378. Plaintiff's claims against Prewitt arise from Prewitt's videotaping the same conduct. The Eleventh Circuit further ruled that "[t]he district court did not err when it ruled that Tilton's conduct did not create the realistic impression of an actual sex act" necessary to meet the definition of "simulated sexual intercourse" set forth under 18 U.S.C. § 2251(a). In doing so, the Eleventh Circuit expressed its agreement with the Fourth Circuit that an act "only constitutes simulated sexual intercourse . . . if it creates the realistic impression of an actual sexual act." Giovani Carandola, Ltd. v. Fox, 470 F.3d 1074, 1079-80 (4th Cir. 2006).

Plaintiff's claims against Prewitt, like those against the other defendants, were predicated on his inducement of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction and/or his knowing transport or reproduction of a visual depiction of a minor engaging in sexually explicit conduct or child pornography. Plaintiff, however, has failed to direct the Court to any visual depiction produced or

transported by Prewitt that meets the definition of sexually explicit conduct pursuant to the requisite statutes or how she was damaged thereby. For this reason, the Court denied, and again denies, Plaintiff's request for an award of attorney's fees against Prewitt.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk is directed to reopen this case for the limited purpose of entering this Order.

2. Plaintiff's request for an award of attorney's fees against Prewitt is **DENIED** for the reasons set forth in this Order.

3. All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-692.remand.frm